JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
        E-mail: ndrey@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DBS GLOBAL, INC., a California Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-04938<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)];**<br>(2) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];**<br>(3) **TRADEMARK DILUTION [15 U.S.C. §1125(c)]; and**<br>(4) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"), and BAYERISCHE MOTOREN WERKE AG ("BMW AG") (collectively "Plaintiffs"), to hereby file their Complaint for Damages and Declaratory Relief ("Complaint") against Defendant DBS GLOBAL, INC. ("DBS GLOBAL"), and DOES 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff BMW NA is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.  BMW NA's Technology Office, Western Region Office, Group Representative Office, Engineering and Emission Test Center, and Training Center are all located in California.  Additionally, one of BMW NA's four Vehicle Distribution Centers and two of its six Parts Distribution Centers are located in California.  BMW NA also has more than fifty (50) dealerships throughout the state of California.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation. BMW (US) Holding Corporation is an indirectly wholly-owned subsidiary of BMW AG.

2.     Plaintiff BMW AG is now, and was at the time of the filing of this Complaint and at all intervening times, a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

3.     Plaintiffs are informed and believe that DBS GLOBAL is now, and was at the time of the filing of this Complaint, and at all intervening times, an active California corporation with its principal place of business located at 1629 S. Fremont Ave., Alhambra, California 91803.

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiffs.  Plaintiffs therefore sue said Defendants by such fictitious

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

names. When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

5.     Plaintiffs further allege that Defendants DBS GLOBAL and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

6.     Plaintiffs are informed and believe and thereon allege that at all times mentioned herein Defendants DBS GLOBAL and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION / VENUE

7.     This Court has jurisdiction over the subject matter of the First, Second, and Third Causes of Action  (violation of the Lanham Act) pursuant to 15 U.S.C. §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

8.     This Court has personal jurisdiction over Defendants as Defendants conduct business within this jurisdiction and have committed the tortious activities of trademark and patent infringement and unfair competition in this district. Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell, sold, and distributed products that infringe the trademarks and design patents of Plaintiffs to consumers within this judicial district for Defendants' own commercial gain and have exploited California's extensive marketplace, wherein Plaintiffs maintain substantial business contacts and financial interests.

9.     Additionally, supplemental jurisdiction exists over Defendants because, on information and belief, Defendants conduct business in California and

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

10.   Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiffs in this district.

## GENERAL ALLEGATIONS

### Plaintiffs and their Well-Known BMW® Brand and Products

11.   Plaintiffs are in the business of designing, manufacturing, and/or distributing motor vehicles, wheels, motor vehicle parts and accessories, and a variety of other products which feature various trademarks, including but not limited to the BMW®, M®, MINI® and MINI COOPER® marks. Plaintiffs' BMW®-, M®-, MINI®- and MINI COOPER®-branded products and marks have achieved great success since their introduction, some as early as 1955, 1987, and 2008, respectively.

12.   Plaintiffs' motor vehicles and related products have earned a reputation for innovation, quality and performance. Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of their BMW®, M®, MINI® and MINI COOPER® marks and products.  Plaintiffs have spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiffs' products and services.

13.   Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line.  A wide array of newspapers, magazines and television networks have included advertising of Plaintiffs' products, which are immediately identified by Plaintiffs' BMW®, M®,

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

MINI®, and MINI COOPER® marks.

14.    As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the BMW® motor vehicles, the BMW®, M®,  MINI®, and MINI COOPER® marks have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW®, M®, MINI® and MINI COOPER® marks and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the BMW®, M®, MINI® and MINI COOPER® marks are famous in the United States and around the world.

15.    While Plaintiffs have gained significant common law trademark and other rights in their BMW®, M®, MINI® and MINI COOPER® marks through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations. This includes registrations for the following non-exhaustive list of Plaintiffs' registered trademarks:

i.    **BMW**: Unites States Patent and Trademark Office ("USPTO") Reg. No.: 0,611,710, registered September 6, 1955;

**BMW**

ii.    USPTO Reg. No.: 0,613,465, registered October 4, 1955;



**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

iii.     USPTO Reg. No.: 1,450,212, registered August 4, 1987;



iv.     USPTO Reg. No.: 2,816,178, registered February 24, 2004;

BMW

v.     USPTO Reg. No.: 4,293,991, registered February 26, 2013;



vi.     **M**: USPTO Reg. No.: 1,438,545, registered August 5, 1987;



vii.     USPTO Reg. No.: 3,526,899, registered November 4, 2008;

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

viii.   USPTO Reg. No.: 3,767,662, registered March 30, 2010;



ix.   USPTO Reg. No.: 3,767,663, registered March 30, 2010;



x.   **MINI**:   USPTO Reg. No.: 2,746,570, registered August 5, 2003;



xi.   USPTO Reg. No.: 2,812,820, registered February 10, 2004;



xii.   USPTO Reg. No.: 3,462,517, registered July 8, 2008;

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

xiii.   USPTO Reg. No.: 3,507,903, registered September 30, 2008;

# MINI

xiv.   USPTO Reg. No.: 3,515,455, registered October 14, 2008;

# MINI

xv.   **MINI COOPER**:  USPTO Reg. No.: 2,376,477, registered August 15, 2000; and

# MINI COOPER

xvi.   USPTO Reg. No.: 3,969,191, registered October 13, 2009 (collectively, hereinafter "BMW® Trademarks").

# MINI COOPER

16.    Plaintiffs have never authorized or consented to Defendants' use of the BMW® Trademarks, or any confusingly similar marks by Defendants. Also, Plaintiffs have never authorized Defendants to copy, manufacture, import, market, sell, or distribute any BMW®, M®, MINI® and/or MINI COOPER® products.

## **Defendants' Wrongful and Infringing Conduct**

17.    Particularly in light of the success of Plaintiffs and Plaintiffs' products, as well as the outstanding reputation they have gained, Plaintiffs and their products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on their goodwill, reputation and fame.  Plaintiffs have spent considerable effort and resources to build up in their products and marks.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

18.   Plaintiffs are informed and believe that Defendants own and operate the Internet website with URL:  http://www.xotictech.com.

19.   Plaintiffs are informed and believe that Defendants own the XOTIC TECH mark with USPTO Reg. No.: 4,718,812, registered April 14, 2015.

20.   Plaintiffs are informed and believe that Defendants use, amongst other things, accounts registered on the Internet websites known as Amazon.com and eBay.com to advertise for sale, sell and distribute products, including counterfeit hard goods using and bearing BMW® Trademarks to consumers.

21.   Items listed for sale on Amazon.com are assigned an Amazon Standard Identification Number ("ASIN") by the Amazon seller portal.   This number is a unique 10-character alphanumeric identification code that is assigned to a product when the product is first listed for sale on Amazon.com, often by the manufacturer of the product.

22.   An Amazon.com listing contains a variety of information including the ASIN, Brand, Model, Manufacturer Part Number, Origin, Customer Reviews, Best Seller Rank, Product Weight, Shipping Weight, and Date First Available. The listing usually includes multiple photographs of the item, price, packaging, installation details, product details, shipping details, availability, and a hyperlink to a companion page providing detailed information regarding Buying Options, including the Seller Information of those Amazon sellers currently selling that product, their respective prices and shipping options.

23.   Beginning on a date that is currently unknown to Plaintiffs and continuing to the present, Defendants have, without the consent of Plaintiffs, advertised for sale, sold and distributed within the United States (including within this judicial district) goods that were neither made by Plaintiffs nor by a manufacturer authorized by Plaintiffs (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the BMW® Trademarks.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

24.    On information and belief, Plaintiffs further allege that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

25.    On or about December 4, 2015, in the course of Plaintiffs' ongoing investigation of counterfeit sales of BMW®-, M®-, MINI®- and MINI COOPER®-branded products, Plaintiffs made a test purchase of "2x BMW Logo LED Laser Projector Door Courtesy Light Welcome Lamp E90 E91 E92 #CT2" from Defendants, under eBay seller ID "kaizenmotor" (eBay Item # 231460244441), featuring BMW® Trademarks for a cost of $24.99.

26.    On or about January 11, 2016, Plaintiffs' put Defendants on written notice that they were dealing in Counterfeit Goods.

27.    On or about November 22, 2016, Plaintiffs made a test purchase of "Ghost LED Door Step Courtesy Shadow Laser Lights for MINI Cooper Countryman" from Defendants, under eBay seller ID "gtautohause" (eBay Item # 231460244441), featuring BMW® Trademarks for a cost of $26.88.

28.    On or about December 12, 2016, Plaintiffs' again put Defendants on written notice that they were dealing in Counterfeit Goods.

29.    On or about March 25, 2017, Plaintiffs made a test purchase of "Xotic Tech BMW Mini Cooper LED Car Door Welcome Logo Ghost Shadow Projector Lights Courtesy Lights Reflect Logo on the Floor" from Defendants, under Amazon seller ID "Xotic Technology" (ASIN B014GEM9LI), featuring BMW® Trademarks for a cost of $22.98 " (Amazon.com order number 105-2633915-3063400).

30.    On or about April 15, 2017, Plaintiffs made another test purchase of "Xotic Tech BMW Car Door LED M Power Logo Light Ghost Shadow Projector Laser Courtesy" from Defendants, under Amazon seller ID "Xotic Technology" (ASIN B012UHZT38), featuring BMW® Trademarks for a cost of $23.45

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

(Amazon.com order number number 112-6100275-9131450).

31.    Through eBay, using seller IDs "kaizenmotor" and "gtautohause" and Amazon.com, using ASIN B014GEM9LI and ASIN B012UHZT38, Defendants regularly and systematically advertised, marketed, distributed and sold a presently unknown quantity of counterfeit car door projector lights with accessories bearing the BMW® Trademarks.

32.    The lighting fixtures described in detail above, which were obtained from Defendants, were inspected by Plaintiffs to determine authenticity. Plaintiffs' inspection of the purchased items confirmed that the items advertised for sale, sold and distributed by Defendants are, in fact, counterfeit products infringing upon the BMW® Trademarks.

33.    By these sales and on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights to the BMW® Trademarks and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the BMW® Trademarks to confuse consumers and aid in the promotion and sales of its unauthorized goods.

34.    Defendants' conduct and use began long after Plaintiffs' adoption and use of their BMW® Trademarks, after Plaintiffs obtained the trademark registrations alleged above, and after the BMW® Trademarks became famous. Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to tarnish, counterfeit and dilute Plaintiffs' marks and products as well as cause confusion to their customers. Neither Plaintiffs nor any authorized agents have consented to Defendants' use of BMW® Trademarks in the manner complained of herein.

35.    Defendants' actions were committed willfully, in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

36.    In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, and diluted Plaintiffs' rights in the BMW® Trademarks; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; and (vii) unfairly profited from such activity.  Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

### (Infringement of Registered Trademarks against Defendant DBS GLOBAL, INC. and DOES 1 through 10, Inclusive)

### [15 U.S.C. §1114/Lanham Act §32(a)]

37.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

38.    Plaintiffs have continuously used the BMW® Trademarks in interstate commerce.

39.    Plaintiffs, as the owners of all right, title and interest in and to the BMW® Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute, 15 U.S.C. §1114.

40.    Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW® Trademarks.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

41.   Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW® Trademarks to deal in and commercially distribute, market and sell products bearing Plaintiffs' asserted marks into the stream of commerce.

42.   Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit BMW® products bearing the BMW® Trademarks.

43.   Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered BMW® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.   Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit BMW® products bearing the BMW® Trademarks.

44.   Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' BMW® Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

45.   Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

46.   Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BMW® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law;

- 13 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

thus Plaintiffs request injunctive relief.

47.    Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.   Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendant DBS GLOBAL, INC. and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

48.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

49.    Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW® Trademarks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125).   Plaintiffs' asserted marks are fanciful, inherently distinctiveand/or have otherwise acquired distinctiveness.

50.    Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

51.    Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

52.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

53.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

54.     Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

55.     Defendants' continuing and knowing use of the BMW® Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

56.     Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its BMW® products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiffs seek damages and an accounting of Defendants' profits, and requests that

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1   the Court grant Plaintiffs three times that amount in the Court's discretion.

2        57.    Based on Defendants' wrongful conduct, Plaintiffs are entitled to

3   injunctive relief as well as monetary damages, and other remedies as provided by

4   the Lanham Act, including Defendants' profits, treble damages, reasonable

5   attorneys' fees, costs and prejudgment interest.

6   **THIRD CAUSE OF ACTION**

7   **(Trademark Dilution against Defendant DBS GLOBAL, INC. and DOES 1**

8   **through 10, Inclusive)**

9   **[15 U.S.C. §1125(c)]**

10        58.    Plaintiffs hereby incorporate by reference each of the other allegations

11   set forth elsewhere in this Complaint as though fully set forth in this cause of

12   action.

13        59.    Plaintiffs' BMW® Trademarks are distinctive and famous within the

14   meaning of the Lanham Act.

15        60.    Upon information and belief, Defendants' unlawful actions began

16   long after Plaintiffs' asserted marks became famous, and Defendants acted

17   knowingly, deliberately and willfully with the intent to trade on Plaintiffs'

18   reputation and to dilute Plaintiffs' asserted marks.  Defendants' conduct is willful,

19   wanton and egregious.

20        61.    Defendants' intentional sale of fake, pirated and counterfeit items

21   bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to

22   deceive, mislead, betray, and defraud consumers to believe that the substandard

23   imitations are genuine BMW® products. The actions of Defendants complained of

24   herein have diluted and will continue to dilute the BMW® Trademarks and other

25   marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs'

26   marks, and injure the business reputation of Plaintiffs and their marks.

27        62.    Defendants' acts have caused and will continue to cause Plaintiffs

28   irreparable harm.  Plaintiffs have no adequate remedy at law to compensate it fully

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1  for the damages that have been caused and which will continue to be caused by

2  Defendants' unlawful acts, unless they are enjoined by this Court.

3      63.    As the acts alleged herein constitute a willful violation of section

4  43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiffs are entitled to

5  injunctive relief as well as monetary damages and other remedies provided by 15

6  U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and

7  statutory damages, treble damages, reasonable attorney's fees, costs and

8  prejudgment interest.

9                          **FOURTH CAUSE OF ACTION**

10  **(Unlawful, Unfair, Fraudulent Business Practices against Defendant DBS**

11      **GLOBAL, INC. and DOES 1 through 10, Inclusive)**

12      **[*California Business & Professions Code* §17200 *et seq.*]**

13      64.    Plaintiffs hereby incorporate by reference each of the other allegations

14  set forth elsewhere in this Complaint as though fully set forth in this cause of

15  action.

16      65.    By marketing, advertising, promoting, selling and/or otherwise

17  dealing in counterfeit BMW® products, Defendants have engaged in unfair

18  competition including unlawful, unfair and fraudulent business practices in

19  violation of the *California Business and Professions Code* §17200 *et seq*.

20      66.    Defendants' marketing, advertising, promoting, selling and/or

21  otherwise dealing in the counterfeit BMW® products is in violation and derogation

22  of Plaintiffs' rights and is likely to cause confusion, mistake and deception among

23  consumers and the public as to the source, origin, sponsorship, or quality of the

24  goods of Defendant, thereby causing loss, damage and injury to Plaintiffs and to

25  the purchasing public.  Defendants' conduct was intended to cause such loss,

26  damage and injury.

27      67.    Defendants knew or by the exercise of reasonable care should have

28  known that their marketing, advertising, promoting, selling and/or otherwise

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

68. By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will continue to induce customers to purchase its false and counterfeit products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

69. Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

70. Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

71. Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Plaintiffs seek injunctive relief.

72. Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG pray for judgment against Defendant DBS GLOBAL, INC. and DOES 1-10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

2. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. §1117(c).

4. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

6. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

7. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution;

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

11. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

12. For damages in an amount to be proven at trial for unjust enrichment;

13. For an award of exemplary or punitive damages in an amount to be determined by the Court;

14. For Plaintiffs' reasonable attorney's fees;

15. For all costs of suit; and

16. For such other and further relief as the Court may deem just and equitable.

DATED: July 5, 2017                    JOHNSON & PHAM, LLP

                                       By: _/s/_Marcus F. Chaney__
                                       Christopher D. Johnson, Esq.
                                       Christopher Q. Pham, Esq.
                                       Marcus F. Chaney, Esq.
                                       Nicole Drey Huerter, Esq.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

### DEMAND FOR JURY TRIAL

Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.

DATED:  July 5, 2017                    JOHNSON & PHAM, LLP

                                        By: _/s/_Marcus F. Chaney__
                                        Christopher D. Johnson, Esq.
                                        Christopher Q. Pham, Esq.
                                        Marcus F. Chaney, Esq.
                                        Nicole Drey Huerter, Esq.
                                        Attorneys for Plaintiffs
                                        BMW OF NORTH AMERICA, LLC and
                                        BAYERISCHE MOTOREN WERKE AG

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**