# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DBS GLOBAL, INC., et al.,<br><br>Defendants. | Case No.: 2:17-cv-04938 CBM (PJWx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANT DBS GLOBAL, INC. AND DISMISSAL, WITH PREJUDICE [JS-6]**<br><br>**Hon. Consuelo B. Marshall** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal ("Stipulation"), by and between Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "Plaintiffs"), and Defendant DBS Global, Inc. ("Defendant") filed concurrently herewith, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant in the above-referenced matter as follows:

- 1 -
**PERMANENT INJUNCTION AND DISMISSAL**

1. **PERMANENT INJUNCTION.** Defendant is hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third-party to engage in, any of the following activities in the United States and throughout the world:

    i. copying, manufacturing, importing, exporting, purchasing, marketing, advertising, offering for sale, selling, distributing or dealing in any product or service that uses, or otherwise making any use of, any of BMW's trademarks registered with the United States Patent and Trademark Office ("U.S.P.T.O."), including but not limited to, **BMW**® (U.S.P.T.O. Reg. Nos. 0,611,710; 0,613,465; 1,450, 212; 2,816,178; 4,293,991; 5,333,899; 5,333,900; 5,333,863; 5,333,865; 5,289,890; and 5,289,891), **BMW M**® (Reg. No. 4,541,350), **M**® (Reg. Nos. 1,438,545; 3,526,899; 3,767,662; and 3,767,663), **MINI**® (Reg. Nos. 2,746,570; 2,812,820; 3,462,517; 3,507,903; and 3,515,455), **MINI COOPER**® (Reg. Nos. 2,376,477 and 3,969,191) and/or **JOHN COOPER WORKS**® (Reg. Nos. 3,850,160 and 3,892,600) trademarks (collectively "BMW Trademarks"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any BMW Trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    ii. advertising or displaying images and/or photographs of non-genuine BMW automobile products using BMW Trademarks;

    iii. advertising, selling or distributing non-genuine automobile products with BMW Trademarks;

    iv. using, advertising or displaying BMW Trademarks, including but not limited to BMW®-, BMW M®-, M®-, MINI®-, MINI COOPER®-

and/or JOHN COOPER WORKS®-trademarks, to suggest that non-genuine BMW products being advertised are manufactured, sponsored or endorsed by BMW or advertising non-genuine BMW automobile products using descriptions that imply the products are genuine BMW products. Defendant may, however, use "BMW" or other BMW wordmarks to advertise non-BMW products with fair use descriptions such as 'for BMW automobiles' or 'fits BMW model _____,' or similar language, provided that "BMW" and any other BMW wordmarks that are used are in the identical font, format, size, and color as, and no more prominently displayed than the surrounding text. In no event may any BMW logos, design marks, or other graphical trademarks be used under this exception;

      v. performing or allowing others employed by or representing Defendant, or under Defendant's control, to perform any act or thing which is likely to injure Plaintiffs, any BMW Trademarks, and/or Plaintiffs' business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiffs or their products and services;

      vi. engaging in any acts of trademark infringement, false designation of origin, dilution, unfair competition, or other act which would tend damage or injure Plaintiffs; and/or

      vii. using any Internet domain name, website, or seller ID(s) that includes any BMW Trademarks, including but not limited to the BMW®, BMW M®, M®, MINI®, MINI COOPER® and/or JOHN COOPER WORKS® trademarks.

    2. Defendant is ordered to deliver immediately for destruction all counterfeit, infringing or otherwise unauthorized automobile products, including but not limited to special car door light products and any infringing packaging relating thereto, in its possession and/or under its control embodying, comprised, utilizing and/or bearing any BMW Trademarks to the extent that any of these items are in Defendant's possession.

3. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant, and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Permanent Injunction against Defendant.

5. Defendant will be making agreed-upon payments to Plaintiffs, as more particularly described in a separate confidential Settlement Agreement.

6. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction by Defendant.

7. **NO FEES AND COSTS.** Plaintiffs and Defendant shall each bear their own attorneys' fees and costs incurred in this matter.

8. **DISMISSAL.** Upon entry of this Permanent Injunction against Defendant, the case shall be dismissed in its entirety, with prejudice.

IT IS SO ORDERED, ADJUDICATED and DECREED this 12th day of March, 2018.

_____
HON. CONSUELO B. MARSHALL
District Court Judge of the United States
Central District of California